UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY, aka E.J. MCELROY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHCF CHIEF CLASSIFICATIONS SERVICES, et al.,<br><br>    Defendants. | No. 2:17-cv-1739 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[1] This proceeding was referred to this court by Local Rule 302 under 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted:

////

---

[1] Plaintiff raises multiple, unrelated claims against 10 defendants, some identified solely as Doe defendants, employed at the California Health Care Facility ("CHCF"). He alleges due process violations, deliberate indifference to his medical and dental needs, harassment, and retaliation.

1

1. McElroy v. Gebbmedin, Case No. 1:08-cv-00124 LJO GSA (E.D. Cal. Sept. 2, 2008) (Order dismissing complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) with leave to amend) (ECF No. 9); (E.D. Cal. Nov. 4, 2008) (Findings and Recommendations ["F&Rs") ] to Dismiss Civil Action for Failure to State a Claim) (ECF No. 10); (E.D. Cal. Dec. 11, 2008) (Order Adopting F&Rs and Dismissing Civil Action with Prejudice for Failure to State a Claim) (ECF No. 11).[2]

2. McElroy v. Schultz, Case No. 1:08-cv-00179 OWW MJS (E.D. Cal. Feb. 25, 2010) (Order Dismissing First Amended Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(ii) and § 1915A(b)(1), (2) with leave to amend) (ECF No. 21); (E.D. Cal. March 31, 2010) (F&Rs to Dismiss Civil Action for Failure to State a Claim) (ECF No. 22); (E.D. Cal. April 30, 2010) (Order re F&Rs and dismissing civil action for failure to state a claim upon which relief can be granted) (ECF No. 24).

3. McElroy v. Cal. Dept. of Corr., Case No. 2:08-cv-00733 HWG (E.D. Cal. April 16, 2009) (Order dismissing complaint for failing to state a claim and with leave to amend under 28 U.S.C. § 1915A(b)(1)) (ECF No. 10); (June 3, 2009) (Minute Order dismissing civil action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)) (ECF No. 11).

4. McElroy v. Institutional Head Ground, Case No. 1:13-cv-00483 MJS (E.D. Cal. Nov. 1, 2013) (Order dismissing civil action for "failure to state any claim under § 1983" under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), (2)) (ECF No. 21).

5. McElroy v. CDC, Case No. 2:15-cv-02271 KJM EFB (E.D. Cal. Feb. 6, 2017) (Order dismissing complaint for failing to "state a cognizable claim for relief" under 28 U.S.C. § 1915A) (ECF No. 12); (E.D. Cal. April 3, 2017) (F&Rs to dismiss for failure to amend) (ECF No. 19); (June 21, 2017) (Order adopting F&Rs and dismissing civil action) (ECF No. 20).

In addition, plaintiff has been barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g) in other cases filed in the Eastern District, as well as in the Northern and Southern

---

[2] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris v. Mangum, 863 F.3d 1131, 1143 (9th Cir. 2017).

Districts. See McElroy v. RN/DA Does & Supervisors, 2017 WL 4922984, *4 & n.2 (S.D. Cal. Oct. 31, 2017) (collecting cases).

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury" at the time he filed the complaint. 28 U.S.C. § 1915(g). Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury.[3] Moreover, plaintiff's allegations are based on incidents at CHCF, but plaintiff filed the instant complaint while housed at R.J. Donovan in San Diego, where plaintiff was transferred before he filed the instant action. Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 7, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcel1739.1915g

---

[3] Plaintiff seeks unspecified injunctive relief. However, plaintiff is no longer housed at CHCF, but is now housed at R.J. Donovan in San Diego. Plaintiff mentions orthodontics in connection with his request for money damages (ECF No. 1 at 13), but it appears that orthodontics are not routinely provided to prisoners. See Patkins v. Tran, 2017 WL 2861914, *3-4 (N.D. Cal. July 5, 2017) (quoting CDCR's Policy & Procedures Manual at § III).